UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CHRISTOPHER JONES | ) | |
| | ) | Case No. 2:22-CV-26-kjd |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES |
| | ) | |
| v. | ) | |
| | ) | |
| RYDER TRUCK RENTAL INC., D/B/A | ) | |
| RYDER TRANSPORTATION SERVICES | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, CHRISTOPHER JONES, by and through his counsel, Sabbeth

Law PLLC, against the defendant, RYDER TRUCK RENTAL INC., D/B/A RYDER

TRANSPORTATION SERVICES (the "Defendant" or "RYDER"), and for his causes of action

alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   Plaintiff Christopher Jones ("Plaintiff Jones", is a citizen of Vermont who resides in the town

of Barre, Washington County, Vermont, is over the age of 18 years.

2.   Defendant Ryder Truck Rental Inc., d/b/a Ryder Transportation Services, (hereinafter

referred to as "Ryder") is a Foreign Profit Corporation, incorporated in Florida with a principal place

of business at 11690 NW 105 Street, Miami, FL 33178.

3.   On or about the 4th day of February 2019, Plaintiff Jones was a truck driver who delivered

produce.

4.   On or about the 4th day of February 2019, Defendant Ryder owned, maintained and or

controlled a 26' truck MA License Plate Number T94079 which it rented through its truck rental

service in Vermont.

SABBETH LAW, PLLC

201 DEWITT DRIVE
SUITE 1
WHITE RIVER JUNCTION
VERMONT 05001
(802) 457-1112

5.   This complaint is brought against all employees and agents of the Defendant involved in this incident and against the officers, directors, managerial agents, supervisors, and safety personnel for the Defendant who set policy or who play an active or passive role in the policy making of the Defendant and the Defendant's maintenance of its rental trucks.

6.   Defendant Ryder, as a legal entity, can only act through its officers, directors, employees, and agents. As the employer of those who set policies and play either an active or passive role in the hiring, training, and supervision of the employees, Defendant Ryder is responsible for the tortious acts and/or omissions of any employees that are the direct and proximate cause of the Plaintiff's injuries.

7.   This action is brought pursuant to 28 USC § 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interests. This Court has proper jurisdiction.

8.   Pursuant to 28 USC § 1391, proper venue for this cause of action is the United States District Court for the District of Vermont.

9.   The incident which forms the basis of this Complaint occurred in White River Junction, Windsor County, Vermont, which is within the District of Vermont. This Court has proper venue.

## **FACTS**

10. Plaintiff Jones hereby incorporates by reference all statements and allegations contained in the previous paragraphs as if fully set forth herein.

11. With regards to all acts and omissions referred to in this complaint, Defendant Ryder is responsible for its own acts and omissions and the acts and omissions of its employees and agents.

12. In February 2019, Defendant Ryder rented trucks in the State of Vermont with a Ryder Truck Rental Location in White River Junction, Vermont.

13. On February 4, 2019, Ryder had a truck rental location at 1103 North Main Street, White River Junction, Vermont, 05001.

SABBETH LAW, PLLC
201 DEWITT DRIVE
SUITE 1
WHITE RIVER JUNCTION
VERMONT 05001
(802) 457-1112

14. That on February 4, 2019, the Defendant had contracted with Mr. Christopher Jones's Employer, Friendly Fruit, Inc., to rent one of Ryder's vehicles for Mr. Jones' use as a delivery driver.

15. Mr. Jones is listed by name on the Ryder Rental Agreement identified as 6717436.

16. The vehicle rented is identified as a 26' DSL Light Duty Refer with MA License Plate Number T94079.

17. On the morning of February 4, 2019, Mr. Jones was at the Ryder location at 1103 North Main Street, White River Junction, Vermont, 05001 to return the rented Ryder vehicle at the Ryder facility.

18. On February 4, 2019, Mr. Jones was shifting equipment from the back of the rented Ryder truck to his company's truck in the parking lot at the White River Junction Ryder facility.

19. On February 4, 2019, as Mr. Jones was pulling the truck's strap to lower the Ryder truck's rolling door the strap broke, causing Mr. Jones to fall off of the Ryder truck's lift gate onto the pavement roughly five feet below the lift gate.

20. It was a foreseeable use of the door strap by Mr. Jones to pull down on the strap to lower the door.

21. Mr. Jones pursuant to the Ryder Rental Agreement had previously notified Ryder about his concerns with the back door on this specific Ryder rental vehicle.

## CAUSE OF ACTION-NEGLIGENCE

22. Plaintiff repeats and realleges each of the preceding paragraphs as if fully stated in detail herein.

23. At all relevant times, Defendant Ryder had a duty to exercise ordinary care in the maintenance and upkeep of its rental truck to avoid causing injury to individuals like Plaintiff Jones who rented its rental vehicles.

SABBETH LAW, PLLC
201 DEWITT DRIVE
SUITE 1
WHITE RIVER JUNCTION
VERMONT 05001
(802) 457-1112

3

24. On February 4, 2019, and the preceding days during the duration of the rental, Defendant Ryder had a duty to provide a rental vehicle safe for reasonable use by the renting party.

25. On February 4, 2019, Ryder failed to provide a rental vehicle that was safe for Mr. Jones' reasonable use.

26. On February 4, 2019, and prior to providing the specific vehicle to the renting party, Defendant Ryder had a duty to maintain the rental vehicle, including its rear door and strap, to ensure its safe operation by individuals renting the vehicle.

27. Ryder had a duty to maintain its rental trucks in a condition reasonably safe for driving and loading/onloading operations.

28. Ryder had a duty to inspect the pull strap inside the rental vehicle for wear and tear to verify that it did not need to be replaced or repaired.

29. Mr. Jones as the employee of the company renting the Ryder truck for use as a delivery vehicle belonged to the class of persons to whom Ryder owed a duty of maintenance and upkeep of the rental truck.

30. On February 4, 2019, Ryder's failure to safely maintain its rental vehicle including the rear rolling door and strap caused Mr. Jones to fall and suffer injury.

## DAMAGES

31. That as a direct and proximate result of the aforedescribed incident, Mr. Jones suffered injuries in and about his neck, head, back, and has suffered a traumatic brain injury, bodily injury, pain, discomfort, disability, psychological distress, lost wages, mental anguish, loss of the capacity, loss of future earning capacity for the enjoyment of life, and medical expenses.  These losses are either permanent or continuing in nature and Plaintiff will continue to suffer these losses in the future.

SABBETH LAW, PLLC

201 DEWITT DRIVE
SUITE 1
WHITE RIVER JUNCTION
VERMONT 05001
(802) 457-1112

4

WHEREFORE, the Plaintiff, CHRISTOPHER JONES, demands judgment for damages against the Defendant together with taxable costs necessarily incurred in the prosecution of their claim, and further demand a trial by jury of all issues triable as a matter of right.

DATED at White River Junction, Vermont, this 1st day of February 2022.

CHRISTOPHER JONES
Plaintiff

By: _____
Michael J. Sabbeth, Esq.
Sabbeth Law, PLLC
201 Dewitt Drive, Suite 1
White River Junction, Vermont 05001
(802) 457-1112
mjs@Sabbethlaw.com

SABBETH LAW, PLLC

201 DEWITT DRIVE
SUITE 1
WHITE RIVER JUNCTION
VERMONT 05001
(802) 457-1112

5